UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CD REISS,<br><br>        *Plaintiff*,<br><br>  v.<br><br>AUDIBLE, INC.<br><br>        *Defendant*. | Case No. 1:24-cv-05923-JLR<br><br>**PROTECTIVE ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

  WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

  1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is

designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of Discovery Material that the producing person reasonably believes the public disclosure of which is either restricted by law or is reasonably anticipated to cause harm to the business, personal, commercial, or financial interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

  a. previously nondisclosed commercial or financial information (including without limitation profitability reports or estimates, pricing, contracts, agreements, accounting information, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

  b. previously nondisclosed material relating to ownership or control of any non-public company;

  c. previously nondisclosed business plans, product development information, or marketing plans;

  d. any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not previously been published or otherwise made publicly available;

  e. any information, documents or non-privileged testimony previously disclosed only to a government agency, including, but not limited to, information, documents, testimony (whether by formal deposition or information interview) produced to a government agency voluntarily or in response to compulsory process such as a subpoena or civil investigative demand;

  f. court records, whether in this District or other courts, currently maintained under seal;

  g. any personal identifying information subject to redaction regarding any individual;

  h. any information of a personal or intimate nature regarding any individual; or

  i. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material that a person has designated as Confidential pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

4. With respect to Discovery Material designated as Confidential, the producing person or that person's counsel may designate such portion as "Confidential" by

2

stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to Confidential Discovery Material produced in native format, the Designating Party shall include the appropriate designation in the metadata or in the filename for each document. When native electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the producing person and including the production number and designation associated with the native file. The Parties will use best efforts to assess the need to designate material as Confidential Discovery Material and nothing in this paragraph is intended to interfere with the filing requirements set for below in Paragraph 20.

5. In the event that original documents are produced for inspection, the original documents shall be presumed Confidential during the inspection and re-designated by the producing person, as appropriate, during the copying process.

6. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential. However, upon a showing of good cause by a Party seeking to rely on the transcript, *e.g.*, for use in a scheduled filing with the Court, the Parties may mutually agree to shorten the designation period.

7. If at any time prior to the termination of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all known prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be Confidential under the terms of this Protective Order and treated as such. In addition, the producing person shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential designation within five (5) business days of providing such notice.

8. Except as otherwise provided, nothing contained in this Order will be construed as a waiver by a Party or person of its right to object to any discovery request or a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

  a. the Parties to this action, their internal counsel, the Parties' corporate affiliates, including counsel to their corporate affiliates, economists, paralegals, and support staff;

  b. the Parties' insurers, and counsel to their insurers;

  c. counsel retained specifically for this action, including any paralegal, support staff, or clerical and other assistant employed by a Party or its counsel and assigned to this matter;

  d. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that assist counsel with this matter, including computer service personnel performing duties in relation to a computerized litigation system;

  e. experts and their staff to whom disclosure is reasonably necessary for this litigation and who have executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  f. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  h. during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with notice of the intent to use the document to be provided to the producing person 24 hours before the deposition, and provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  j. stenographers engaged to transcribe depositions conducted in this action;

  k. this Court, including any appellate court, and the court reporters and support personnel for the same; and

  l. any other person, with the prior written consent of the producing person, who has agreed to be bound and has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and subject to such conditions as may be agreed or requested, but such consent shall not be unreasonably withheld.

10. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 9(e), 9(g), 9(h), or 9(l) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-

Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

      11.      Notwithstanding the provisions of paragraph 9 of this Order, nothing in this Order:

      a.  limits a producing person's use or disclosure of its own information designated as Confidential;

      b.  prevents disclosure of Confidential information to any current employee of the producing person that designated that information as Confidential;

      c.  prevents disclosure of Confidential information with the consent of the producing person that designated the Confidential information; or

      d.  prevents disclosure by a Party of Confidential information (i) that is or has become publicly known through no fault of that party; (ii) that is lawfully acquired by or known to that Party independent of receipt in discovery in this action; (iii) previously produced, disclosed, and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of this Court.

      12.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. The Parties shall meet and confer, in an attempt to resolve the dispute without Court intervention within five (5) business days after receipt of the written notice. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

      13.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If there is a dispute over the additional limits on disclosure, the Parties shall meet and confer within five (5) business days after receipt of the written notice in an attempt to resolve the dispute without Court intervention. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

      14.      A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of determining that the Discovery Material subject to the request is subject to a contractual or other obligation of confidentiality owed to a third party, the producing person subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the producing person seeks a protective order or other relief from this Court

within 21 days of that notice, the producing person shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

15.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

16.     Recipients of Confidential Discovery Material under this Protective Order must store and maintain such material at a location and in a secure manner that seeks to ensure that access is limited to the persons authorized under this agreement. Discovery Material designated as Confidential by another Party may not be accessed from outside the United States. For the avoidance of doubt, Discovery Material designated as Confidential can be accessed from a physical location outside of the United States so long as the Discovery Material is maintained on a server within the United States and in no way leaves the server within the United States (*i.e.*, such material must be accessed view-only, and cannot be downloaded, photographed, printed, or accessed in any other manner that would cause it to physically or electronically leave the United States server). If a Party chooses to retain an expert located outside of the United States, that expert and the individuals supporting that expert, with the exception of counsel, may use servers located outside of the United States to access Confidential data, provided that the expert's use of the server is compliant with CIS standards and all individuals with access to the data from outside the United States have each signed the Non-Disclosure Agreement attached to this Protective Order.

17.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the

Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

19. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

20. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

21. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. Discovery Material containing any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery is bound by this Protective Order, shall be designated as Confidential by the producing person, and shall be maintained by the persons who receive such information in a manner that is secure and confidential. In the event that a person who has received Discovery Material that contains PII or has been designated as Confidential experiences a data breach, that person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach, including, but not limited to, working to: (a) determine the source, extent, or methodology of such breach, and (b) recover or protect the Discovery Materials designated as Confidential or containing PII.

23. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect Discovery Material or PII from unauthorized disclosure.

24. This Protective Order shall survive the termination of the litigation. Within 90 days of the final disposition of this action, all Discovery Material designated as Confidential and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

25. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.

This Court shall retain jurisdiction over all persons subject to this Protective Order even after the final disposition of the above-captioned matter to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

Dated: June 23, 2025
New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CD REISS,<br><br>                                    *Plaintiff*,<br><br>          v.<br><br>AUDIBLE INC.,<br><br>                                    *Defendant*. | Case No. 1:24-cv-05923-JLR<br><br>**PROTECTIVE ORDER NON-DISCLOSURE AGREEMENT** |

JENNIFER L. ROCHON, United States District Judge:

          I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing person, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____          By: _____