UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CD REISS, on behalf of herself and all others similarly situated<br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation<br>Defendant. | Case No: 1:24-cv-05923-JLR<br><br>Honorable Jennifer L. Rochon |

## REVISED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

JENNIFER L. ROCHON, United States District Judge:

    This Civil Case Management Plan (the "Plan") is submitted by the Parties in accordance with Federal Rule of Civil Procedure 26(f)(3) and pursuant to paragraph 6 of the Civil Case Management Plan and Scheduling Order (ECF No. 71)

1. All Parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The Parties are free to withhold consent without any adverse substantive consequences.

2. Settlement discussions have not taken place. The parties are currently negotiating search terms and custodians.

3. The Parties conferred pursuant to Federal Rule of Civil Procedure 26(f) on July 23, 2024.

4. The Parties have conferred about the basis of subject-matter jurisdiction and agree that subject-matter jurisdiction exists.

5. The Parties exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on August 21, 2024.

6. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than January 12, 2026.

7. Fact Discovery

   a. Rolling document productions shall begin by July 25, 2025.

   b. The parties shall reach agreement on search terms and custodians by July 25, 2025.

   c. Audible shall make its sample data production by September 11, 2025.

   d. The parties shall substantially complete document production by February 13, 2026. All parties shall make rolling productions as documents become available for production.

   e. The parties shall produce privilege logs by February 27, 2026. For documents produced after substantial completion, privilege logs will be done on a rolling basis, no later than 30 days after each production.

   f. Depositions shall be completed no later than May 21, 2026.

   g. All fact discovery shall be completed no later than May 21, 2026.

   h. Any of the deadlines in paragraphs 7(a)-(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(g).

8. Class Certification and Related Expert Discovery

   a. Plaintiff's class certification motion and supporting expert disclosures shall be filed no later than August 10, 2026.

   b. Defendant's class certification opposition and supporting expert disclosures shall be filed no later than November 16, 2026.

   c. Plaintiff's reply in support of class certification and supporting expert disclosures shall be filed no later than January 8, 2027.

   d. All expert discovery, including expert reports and depositions, shall be completed no later than January 30, 2027.

   e. The Parties respectfully request to confer and submit proposed deadlines for merits expert disclosures and depositions upon this Court's order on Plaintiff's motion for class certification .

9. N/A.

10. All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern District of New York. Any extensions of the dates therein must be approved by the Court.

11. Any discovery disputes shall be addressed according to Section 2(E) of the Court's Individual Rules and Practices in Civil Cases.

12. All discovery must be completed no later than January 30, 2027.

13. No later than one week after the close of fact discovery, counsel for all Parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the one-hour settlement

discussion occurred and stating whether all Parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge. The letter should not identify, explicitly or implicitly, any Party that has declined to so consent. The use of any alternative dispute resolution mechanism does not stay or modify any date of this Order.

14. The Court will conduct a post-discovery pre-trial conference on __March 3, 2027__ at __10:00 a.m.__. [To be completed by the Court.] No later than one week in advance of the conference, the Parties are to submit a joint two-page letter updating the Court on the status of the case, including proposed deadlines for pretrial submissions and trial dates. This conference will either serve as a pre-motion conference or will be used to set a trial date and dates for pretrial submissions. If a Party wishes to move for summary judgment or to exclude expert testimony, it must, no later than three weeks before the conference, file a letter as set forth in Section 3(I) of the Court's Individual Rules and Practices in Civil Cases, and any response letter shall be filed no later than two weeks before the conference.

15. Unless otherwise ordered by the Court, the Parties shall submit a Joint Pretrial Order prepared in accordance with Federal Rule of Civil Procedure 26(a)(3) and other pretrial submissions pursuant to the Court's Individual Rules and Practices in Civil Cases within 30 days of any decision on a summary judgment motion.

16. The Parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

17. The case is to be tried to a jury.

18. Counsel for the Parties have conferred and their best estimate of the length of trial is two weeks.

19. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below: NONE.

20. Counsel for the Parties:
    a. Hagens Berman Sobol Shapiro LLP and Sperling Kenny Nachwalter, LLC for the Plaintiff.
    b. Sidley Austin LLP for the Defendant.

21. The next case management conference is scheduled for __March 3, 2027__ at __10:00 a.m.__. [To be completed by the Court.]

This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown (except as provided in paragraph 7(h)). Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no less than two business days prior to the expiration of the date sought to be extended.

Dated: June 27, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
_____
JENNIFER L. ROCHON
United States District Judge
